| | |
|---|---|
| COLUMBIA GULF TRANSMISSION COMPANY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 1:11-cv-0081 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| MR. and MRS. TERRY MCCANN, ) | |
| ) | |
|     Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court is the plaintiff/counterclaim-defendant Columbia Gulf Transmission Company's ("Columbia Gulf") Motion to Dismiss Counterclaim (Docket No. 24), to which the defendants/counterclaim-plaintiffs Mr. And Mrs. Terry McCann (collectively "the McCanns") have responded (Docket No. 26). For the reasons discussed herein, the Motion to Dismiss Counterclaim will be granted.

## BACKGROUND

Columbia Gulf owns and operates three natural gas transmission pipelines that cross the McCann's property located in Lewis County, Tennessee.[1] In order to construct the pipelines, Columbia Gulf obtained three easements created pursuant to Right of Way Agreements and a prior state court judgment (collectively, the "Right of Way Agreements").[2] Each easement gave

---

[1] Unless otherwise noted, the facts stated herein are drawn from the Amended Verified Complaint (Docket No. 9) and the exhibits attached thereto.

[2] The Right of Way Agreements are a part of the record in this case, since they were attached as an exhibit to the plaintiff's Amended Verified Complaint. (*See* Docket No. 9, Exs. 1-4.) Accordingly, the court will consider these agreements in reviewing the pending motion to

1

Columbia Gulf the right to, among other things, construct, lay, maintain, and operate a pipeline for the transportation of gas on the land now owned by the McCanns. The Right of Way Agreements also granted Columbia Gulf access to and from the rights of way. Pursuant to the agreements, Columbia Gulf was to bury any pipeline to a sufficient depth so as not to interfere with the "cultivation of the soil." In addition, the agreements gave the Grantors of the easements the right to fully use and enjoy their property except for the purposes granted to Columbia Gulf in the easements and to the extent that such use did not interfere with the plaintiff's easement rights. The defendants are successors-in-interest to the original Grantors and operate a business involving the use of logging trucks. The present dispute arises out of their activities on and over the plaintiff's easements.

Columbia Gulf commenced this action on September 19, 2011. (*See* Docket No. 1.) It alleges that the defendants engaged in activities that violated the Right of Way Agreements and unreasonably interfered with its property rights. In particular, Columbia Gulf alleges that the defendants endangered its pipelines by crossing the easements with loaded log trucks, heavy equipment, and large dump truck loads that weighed over 40,000 pounds. In addition, it alleges that Mr. McCann excavated dirt from Columbia's rights of way without first notifying the plaintiff or placing a Tennessee One-Call pursuant to Tenn. Code Ann. § 65-31-101 *et seq*. and thus violated the express terms of the Right of Way Agreements, which prohibited the defendants

---

dismiss. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (noting that "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered when reviewing a Rule 12(b)(6) motion to dismiss) (internal quotation marks omitted).

from changing the grade of the pipelines. In filing suit, Columbia Gulf seeks declaratory and injunctive relief as well as damages for the defendants' breach of the Right of Way Agreements.

On the same date that it commenced this lawsuit, Columbia Gulf also filed a motion for a temporary restraining order seeking to enjoin the defendants from engaging in the above-referenced activities on its easements. (Docket Nos. 2, 6.) After holding an evidentiary hearing on the plaintiff's motion, the court issued the following preliminary injunction on October 5, 2011, pending a further evidentiary hearing that was to be held on October 14, 2011:

> 1. The defendants shall not change the grade of the property within the plaintiff's right of way by any means.
>
> 2. The defendants shall not do any digging on the property within the plaintiff's right of way without notification to the plaintiff and complying with T.C.A. 65-31-101, *et seq*.
>
> 3. The defendants shall not allow any empty or loaded 18-wheel semi-tractor trailers to pass over the right of way property.

(Docket No. 14.) At the conclusion of the hearing on October 14, 2011, the court issued a permanent injunction requiring that:

> 1. The defendants shall not change the grade of the property within the plaintiff's right of way by any means.
>
> 2. The defendants shall fully comply with the requirements of T.C.A. § 65-31-101, *et seq*.
>
> 3. The defendants shall not cross the pipelines in the plaintiff's right of way with loaded 18-wheel trucks or any other equipment not determined by the plaintiff to be of a safe weight for crossing the pipelines in the right of way.

(Docket No. 21.)

Between the issuance of the preliminary and permanent injunctions, the McCanns filed their Answer and Counter-Claim on October 12, 2011.[3] (Docket No. 17.) The defendants bring two counterclaims. First, the McCanns assert that Columbia Gulf breached the Right of Way Agreements.[4] (Docket No. 17 ¶¶ 51-58.) As to this counterclaim, the defendants allege that Columbia Gulf unreasonably interfered with their right to use and enjoy their property when, in a letter sent on December 22, 2010, it instructed them to immediately cease crossing the pipelines with loads in excess of 40,000 pounds.[5] (Docket No. 17 ¶ 54; Docket No. 9, Ex. 5.) In addition, they allege that the plaintiff violated the Right of Way Agreements when it failed to bury the pipelines at a sufficient depth so as not to interfere with the defendants' "normal cultivation" of the soil. (Docket No. 17 ¶ 57.) In their second counterclaim, the defendants assert that, by filing an unnecessary lawsuit and causing a citation to be issued to Mr. McCann, Columbia Gulf engaged in legal harassment and committed an abuse of process.[6] (*Id*. ¶¶ 61-63.)

---

[3] The Answer and Counter-Claim filed by the defendants appears to be missing the second page. This omission, however, does not impair the court's ability to resolve the pending motion to dismiss. The defendants should file an Amended Answer and Counter-Claim that includes the missing page.

[4] The McCanns specifically allege a claim for "breach of warranty, violations of covenants, and intentional interference with property rights." (Docket No. 17, at 5.) However, the gravamen of this counterclaim sounds in contract, as the defendants seek damages for Columbia Gulf's alleged failure to comply with its obligations under the Right of Way Agreements.

[5] The December 22, 2010 letter referred to in the defendants' Answer and Counter-Claim is a part of the record in this case, as it was attached as an exhibit to the plaintiff's Amended Verified Complaint. (*See* Docket No. 9, Ex. 5.) Therefore, the court will consider the letter in reviewing the pending motion. *See Weiner*, 539 F.3d at 332.

[6] In their Answer and Counter-Claim, the McCanns also allege that the plaintiff's conduct constituted outrageous conduct. Yet, in their opposition brief to the motion to dismiss, they characterize their second counterclaim as alleging only legal harassment and abuse of process. (Docket No. 26, at 3.) Therefore, the court will construe this counterclaim to encompass only

4

**ANALYSIS**

Columbia Gulf has moved to dismiss the defendants' counterclaims in their entirety on the ground that they fail to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.      Standard of Review**

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). The court must determine whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, the plaintiff must plead "factual content that allows

---

those two theories of liability.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

## II. The Plaintiff's Motion

### A. Breach of the Right of Way Agreements

The McCanns allege that Columbia Gulf breached the Right of Way Agreements by unreasonably interfering with their right to use and enjoy their property when it sent a cease and desist letter on December 22, 2010. It is well settled that, in Tennessee, a viable claim for breach of contract has three essential elements: (1) the existence of an enforceable contract; (2) nonperformance amounting to a breach of that contract; and (3) damages caused by the breach of contract. *Ingram v. Cendant Mobility Fin. Corp.*, 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006).

Apart from quoting a sentence contained in the cease and desist letter, the defendants plead no factual content in support of this claim and, instead, recite conclusory allegations. In the letter, Columbia Gulf instructed the defendants to immediately cease crossing its pipelines with loads weighing over 40,000 pounds. (Docket No. 9, Ex. 5.) While the letter requests the defendants to cease and desist from crossing the pipelines with heavy loads, the defendants do not allege that they actually stopped crossing the pipelines with loads over 40,000 pounds after receiving the letter or that they were otherwise prohibited from using and enjoying their property. In fact, the defendants essentially concede that they continued to cross the lines with heavy loads. Indeed, they admit the allegations contained in paragraph 29 of the plaintiff's Amended Verified Complaint, which alleges that, after the defendants continued to violate Columbia Gulf's rights of way, the plaintiff sent the defendants a letter on August 15, 2011, instructing them to cease parking "any loads or equipment on or within the right-of-way surface

6

area to avoid jeopardizing the integrity of the underground pipelines." (Docket No. 9 ¶ 29; Docket No. 17 ¶ 29.) Having failed to allege any actual deprivation to their right to use and enjoy their property, the defendants have not shown a breach, and, accordingly, cannot state a claim for breach of the Right of Way Agreements based on Columbia Gulf's December 22, 2010 cease and desist letter.[7]

The McCanns also allege that Columbia Gulf breached the Right of Way Agreements by failing to bury the pipelines at a sufficient depth. In particular, they claim that the failure to do so interfered with their right under the agreements to cultivate the soil. Here again, the defendants offer only conclusory allegations to support their counterclaim. For example, they allege that their activities over Columbia Gulf's easements constituted normal cultivation of the soil. These activities included crossing over the plaintiff's pipelines with loaded log trucks and other loads in excess of 40,000 pounds, excavating dirt from the rights of way, and changing the grade of the property. None of these activities can reasonably be considered to constitute "cultivation." Indeed, to "cultivate" means "to prepare and work on (land) in order to raise crops; till."[8] RANDOM HOUSE WEBSTER'S UNABRIDGED DICTIONARY 488 (2d ed. 1998). The

---

[7] Even if Columbia Gulf interfered with the defendants' right to use and enjoy the property in violation of the Right of Way Agreements, the defendants' counterclaim would nonetheless fail because it does not allege that the defendants suffered any damages as a result of the purported breach. In its counterclaim, the defendants quote a sentence from the plaintiff's cease and desist letter stating that Columbia Gulf understands that compliance with its instructions "may cause some difficulty [to the defendants] in operating [their] business." (Docket No. 9, Ex. 5.) Aside from this statement, which only acknowledges the possibility of potential business disruptions, the defendants have failed to plead that their business suffered any actual harm as a result of Columbia Gulf's alleged interference with its rights to use and enjoy the property.

[8] It is well settled that, in Tennessee, "[i]n construing contracts, the words expressing the parties' intentions should be given the usual, natural, and ordinary meaning." *Fisher v. Revell*, 343 S.W.3d 776, 779 (Tenn. Ct. App. 2009).

7

defendants, however, fail to allege that any of their activities related to raising crops on their land. Even assuming that their activities constituted cultivation, the defendants' counterclaim must nonetheless fail because it does not make any factual allegations regarding how Columbia Gulf's alleged failure to bury the pipelines at a sufficient depth actually interfered with the defendants' right to normal cultivation of the soil. This counterclaim is, in effect, a "bare averment," insufficient to support a claim for relief.

Yet, even if the defendants adequately pled a claim for breach of the Right of Way Agreements premised on Columbia Gulf's failure to bury the pipelines at a sufficient depth, the plaintiff correctly notes that such a claim would be time-barred. The statute of limitations for a breach of contract claim in Tennessee is six years. Tenn. Code Ann. § 28-3-109(a)(3) (2000). Moreover, a claim for breach of contract "accrues on the date of the breach or when one party demonstrates a clear intention not to be bound by the contract." *Coleman Mgmt., Inc. v. Meyer*, 304 S.W.3d 340, 348-49 (Tenn. Ct. App. 2009). In its memorandum of law supporting the motion to dismiss, the plaintiff notes that the pipelines were constructed almost fifty years ago. (Docket No. 25, at 2.) In their opposition brief, the defendants do not deny this assertion, but instead claim that the statute of limitations is not an issue because "[t]he duties of the parties are continuing in nature and run with the land." (Docket No. 26, at 3.) However, the contractual duty allegedly breached here concerns the plaintiff's failure to bury the pipelines at a sufficient depth. This breach necessarily occurred at the time the pipelines were constructed. Because it is undisputed that the pipelines were constructed almost fifty years ago, the defendants are barred from asserting this counterclaim by the statute of limitations.

8

Accordingly, for the aforementioned reasons, the court will dismiss the McCann's counterclaims alleging that Columbia Gulf breached the Right of Way Agreements.

### B. Legal Harassment/Abuse of Process

In their second counterclaim, the defendants assert that, by filing an unnecessary lawsuit and causing a citation to be issued to Mr. McCann, Columbia Gulf engaged in legal harassment and committed an abuse of process.[9] At the outset, the court will dismiss the counterclaim for legal harassment. The defendants fail to cite any legal authority recognizing a cause of action for legal harassment in Tennessee. Moreover, having performed its own search of Tennessee case law, the court has been unable to locate any such authority.

The gist of the tort of abuse of process "is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish." *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 400 (internal quotation marks omitted). Thus, in order to recover for an abuse of process, a claimant must establish the following two elements: "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Id.* at 400-01 (internal quotation marks omitted). Applying these elements to the present case, the court finds that the defendants' abuse of process counterclaim must fail. The defendants have not alleged that Columbia Gulf held an ulterior

---

[9] The plaintiff summarily argues that the defendants are collaterally estopped from raising their counterclaims because many of the issues raised therein were addressed in the two prior evidentiary hearings held in this case. However, the plaintiff's undeveloped collateral estoppel argument is unpersuasive. The elements of collateral estoppel require, among other things, that "the prior proceeding must have resulted in a final judgment on the merits." *Schreiber v. Philips Display Components Co.*, 580 F.3d 355, 367 (6th Cir. 2009). Although the court has held two evidentiary hearings concerning the plaintiff's request for injunctive relief and granted a permanent injunction, no final judgment on the merits has been entered in this case.

motive when it filed the present suit and caused a citation to be issued to Mr. McCann. Nor have they alleged that Columbia Gulf performed any improper act in using such process. Accordingly, the court will dismiss this counterclaim.

## **CONCLUSION**

For all of the reasons discussed herein, the plaintiff's Motion to Dismiss Counterclaim (Docket No. 24) is **GRANTED**.

It is so Ordered.

Entered this 2nd day of December 2011.

_____
ALETA A. TRAUGER
United States District Judge